# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Marc DeWayne Howell,<br><br>    Plaintiff,<br><br>v.<br><br>State of Oklahoma,<br><br>    Defendant. | Case No. 14-CIV-502-RAW |

**OPINION AND ORDER**

Before the court is Plaintiff's Complaint [Docket No. 2] and Motion for Leave to Proceed *in Forma Pauperis* ("IFP") [Docket No. 3]. Plaintiff filed this lawsuit against the State of Oklahoma for violations of his civil rights regarding an alleged vehicle confiscation in 2003.

The court construes Plaintiff's allegations liberally as he is *pro se. See Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

## *In Forma Pauperis*

Plaintiff states that he is single, and earns $593 per month. The affidavit further indicates that Plaintiff has $1,439 in a bank account, and pays approximately $465 per month in living expenses.

The court "has discretion in deciding whether or not to grant a civil litigant permission to proceed IFP." Brewer v. City of Overland Park Police Dept., 24 Fed.Appx. 977, 979 (10th

Cir. 2002) (citing 28 U.S.C. § 1915(a)).

> General factors that can be considered when deciding whether to grant IFP status include: whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources.

Id. (citations omitted). This court considers the foregoing factors in deciding whether to grant Plaintiff's motion to proceed IFP.

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and Supporting Affidavit [Docket No. 3] is DENIED. Plaintiff shall pay the filing fee in this matter within ten (10) days of the date of this order.

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> > **(i)** is frivolous or malicious;
> >
> > **(ii)** fails to state a claim on which relief may be granted; or
> >
> > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the

2

fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994). In the instant case, the court finds there is no cognizable claim under the statutes cited by Plaintiff.

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win

relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

Plaintiff's Complaint states that he is seeking damages for violation of his civil rights regarding an alleged confiscation of his vehicle in May 2003. Plaintiff's Complaint clearly has not been filed within any applicable statute of limitations.

## Conclusion

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 3] is DENIED. Plaintiff shall pay the filing fee in this matter within ten days of the date of this order. Further, the allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Dated this 9th day of December, 2014.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**